## MINNEHAHA NAT. BANK OF SIOUX FALLS, S. D., v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Eighth Circuit. October 13, 1928.

No. 348.

Joe H. Kirby, of Sioux Falls, S. D. (Kirby, Kirby & Kirby, of Sioux Falls, S. D., on the brief), for petitioner.

John Vaughan Groner, Sp. Asst. Atty. Gen. (Mrs. Mabel Walker Willebrandt, Asst. Atty. Gen., Sewell Key, Sp. Asst. Atty. Gen., and C. M. Charest, General Counsel, Bureau of Internal Revenue, and L. W. Scott, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an appeal by the Bank from a decision of the Board of Tax Appeals disallowing a deduction from gross income for the year 1920 of the sum of $25,142.57. In the latter part of 1919, the bank purchased from the bank of Springfield, South Dakota, the three following notes:

| Maker | Amount | Date | Due |
| --- | --- | --- | --- |
| P. D. Magnuson | $ 6,200 | 11/17/19 | 5/17/20 |
| L. S. Taylor | 19,500 | 12/23/19 | 6/23/20 |
| C. P. Knoll | 6,000 | 11/24/19 | 5/24/20 |

In the early part of 1920, the bank purchased from the Bank of Springfield the following notes:

| Maker | Amount | Date | Due |
| --- | --- | --- | --- |
| J. M. and C. E. Erickson | $ 9,000 | 3/22/20 | 9/22/20 |
| P. M. Boese | 18,000 | 5/ 1/20 | 9/ 1/20 |
| Ben H. Fitch | 8,000 | 2/ 6/20 | 9/ 1/20 |
| John Pool | 5,135.90 | 5/ 1/20 | 8/ 1/20 |

On each of the above notes, except the first, P. D. Magnuson was an indorser, and the notes were all carried by the bank as Magnuson paper.

In the year 1920, the bank determined that the first three notes were worthless. In that year, it charged off 35 per cent. of the total paper, that is, $25,142.57. It sought to deduct that amount from its gross income.

Harry B. Allen, Vice President of the bank from March, 1919, until April, 1927, testified:

"The bank charged off 35 per cent. of the total Magnuson paper as bad in 1920. We determined the Sixty-Two Hundred ($6,200) Dollar note of P. D. Magnuson, Nineteen Thousand Five Hundred ($19,500) Dollar note of L. S. Taylor and the Six Thousand ($6,000) Dollar note of C. P. Knoll to be worthless in 1920, but we charged off 35 per cent. of the total paper we held or Twenty-Five Thousand One Hundred Forty-Two & 57/100 ($25,142.57) Dollars. The reason we charged this amount off instead of the total of these three notes, was that if we had taken any larger percentage, it would have impaired our surplus."

The Board of Tax Appeals found:

"In 1920 the petitioner charged off 35 per cent. of the gross amount of the aforesaid notes aggregating $71,835.90, or $25,142.57; in 1921 it charged off 40 per cent.; in 1922 it charged off 17½ per cent.; and in 1923 it charged off 7½ per cent."

The question here presented involves a construction of section 234 of the Revenue Act of 1918, which reads as follows:

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(5) Debts ascertained to be worthless and charged off within the taxable year." 40 Stat. 1077.

It will be observed that this section does not permit a partial charge off of a debt as do the acts of 1921, 1924 and 1926. Holmes, Federal Taxes (6th Ed.) p. 993; title 26, § 986, U. S. C. (26 USCA § 986).

Undoubtedly the bank could have charged off all of the first three notes and deducted the amount thereof from its gross income. It did not choose to do this, for the reason that it believed it would impair its surplus. Since the act requires that the debt be ascertained to be worthless, and that it be charged off within the taxable year, and since the act does not permit a partial charge off and the bank did not charge off the whole of any one of these debts, we are of the opinion that the decision appealed from was right and should be affirmed.

It is so ordered.