## DAVIDSON GROCERY CO. v. LUCAS, Commissioner of Internal Revenue.

Court of Appeals of District of Columbia.
Argued November 15, 1929. Decided January 6, 1930.

No. 4927.

George E. H. Goodner, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, Sewall Key, and F. E. Mitchell, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Board of Tax Appeals affirming the Commissioner's determination of a deficiency in income and profits taxes for the year 1920 in the amount of $6,063.03.

Appellant taxpayer is an Idaho corporation engaged in the wholesale grocery business, with its principal offices at Boise.

The findings of fact, which are not disputed, are as follows: At the close of the

year 1920 appellant had outstanding the following accounts:

W. C. Martin....................$7,477.45
Silver Creek Mercantile Co....... 4,953.88
E. M. Small..................... 8,068.50
J. T. Foster..................... 2,584.08
Byrne Brothers.................... 7,048.15
D. H. Clare & Son............... 1,635.00

On November 1, 1920, Martin was adjudged a bankrupt, and the first meeting of creditors was held on November 18th following. On final settlement in 1921, his creditors were paid a little over 48 per cent. of their claims; appellant's claim, as proven, being $7,423.58. Upon learning the amount of Martin's assets and the claims which had been proven against him, the president of appellant company determined that at least $3,000 of its claim would never be paid, and authorized the bookkeeper to charge off this amount to profit and loss on December 31, 1920. The ultimate loss was greater than the amount charged off.

The Silver Creek Mercantile Company made an assignment on November 27, 1920. Appellant's claim was $4,953.05, of which it ultimately recovered $2,211.52. Upon examining the assets and liabilities of this customer, the president of appellant company authorized the bookkeeper to charge off at the end of 1920 $2,500 as a determined loss, no part of which has ever been received.

Small made an assignment on November 17, 1920. Appellant's claim was $8,068.50, of which he has received less than $6,000. After ascertaining the assets and liabilities of Small, appellant, on December 31, 1920, charged off $1,000 of this account as being uncollectible.

In the same manner appellant determined, on or prior to December 31, 1920, that only a portion of the accounts of Foster, Byrne Brothers, and Clare & Son could be collected, and authorized the bookkeeper to charge off to profit and loss $1,000, $3,000, and $500, respectively.

The losses actually sustained on all of these accounts proved to be greater than the amounts charged off in 1920. According to the Board, "the determination of petitioner (appellant) as to the amount of the losses which would be sustained upon all of these accounts was made by the president of the petitioner corporation upon the basis of the assets and liabilities of the several debtors."

Appellant, before the Commissioner and the Board, unsuccessfully claimed as a deduction from gross income for the year 1920 the foregoing amounts charged off as losses or bad debts.

Section 234(a) of the Revenue Act of 1918 (40 Stat. 1057, 1078) declared that in computing the net income of a corporation there shall be allowed as deductions from gross income "(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; (5) Debts ascertained to be worthless and charged off within the taxable year."

The Internal Revenue Commissioner and the Board construed these clauses as mutually exclusive, and that "debts ascertained to be worthless" relates to debts that are wholly worthless, so that no deduction may be taken in the year when a debt is ascertained to be partially worthless; and that assuming the two clauses to be mutually exclusive, clause (4) must cover losses not arising under clause (5).

The question here involved was carefully considered by the Circuit Court of Appeals for the Second Circuit in Sherman & Bryan v. Blair, 35 F.(2d) 713, 716. The court there first suggested that the words, "debts ascertained to be worthless" (clause (5) of section 234(a), reasonably may be construed to mean "indebtedness ascertained to be worthless" and to permit a charge-off of such part of a claim as was proven to be uncollectible by so definite an event as seizure of the debtor's property by a receiver. The court then stated that under the facts proved the issue of law became the deductibility of so much of the debt as was proved worthless; that, assuming the inapplicability of clause (5), "there would seem to be no inconsistency in allowing the partial loss as a deduction under clause (4), even if the two clauses be deemed mutually exclusive." After a review of pertinent authorities, the court expressed the view that it has not been authoritatively determined that these clauses are mutually exclusive. The court then said: "The seizure of the debtor's property by a receiver prevents collection, and definitely fixes the loss to be the difference between the face of the debt and whatever dividend the receivership may pay. The Commissioner's position leads to the conclusion that, if any dividend is likely, no loss can be deducted until the receivership is wound up, which may be many years later. Business men do not carry on their books at face value, claims against a debtor in receivership, and it cannot be supposed that the Revenue Act of 1918 was intended to require them to do so. When a

creditor's debtor goes into receivership, and the creditor believes the debt to be worthless and charges it off, he recognizes that he has sustained a loss at least to the extent that the receivership dividend which may thereafter be declared leaves the debt unpaid. Presumptively the taxpayer's decision that a debt is worthless, and so charged off, measures his loss. If the Commissioner surcharges his return because of a mistake as to the amount of the loss, we think he should not surcharge for so much of the loss as he admits has been suffered. No judicial decision has been found which contradicts this view."

■ In the Sherman & Bryan Case, as in this, counsel for the government attached importance to the fact that in the Revenue Act of 1921 (42 Stat. 227, 255, § 234(a) (5), Congress expressly gave permission for a partial charge-off of a debt recoverable only in part. On this point, the court observed: "But such subsequent legislation is not conclusive that the construction claimed for the earlier act must be accepted"—citing Russell v. United States, 278 U. S. 181, 188, 49 S. Ct. 121, 73 L. Ed. 255.

We are impressed with the reasoning and conclusions of the court in the Sherman & Bryan Case. Where losses "are fixed by identifiable events, such as the sale of property * * * or caused by its destruction or physical injury * * * or, in the case of debts, by the occurrence of such events as prevent their collection" (United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 600, 71 L. Ed. 1120), there is no apparent reason either in fact or in law why a deduction from gross income should not be made in the year in which such losses are fixed. As observed by the court in the Sherman & Bryan Case, if it subsequently develops that the taxpayer has overestimated his loss, the amount or amounts received may be treated as income in the year in which they are received. In the instant case, the taxpayer in good faith fixed his aggregate loss by identifiable events at $11,000. It was in fact greater than that, and yet under the ruling appealed from appellant was compelled to include that amount as gross income for the year 1920, and the rate and amount of its income tax were affected accordingly. We are of the view that such a result was not contemplated by section 234(a) of the Act of 1918 (40 Stat. 1077). In our view, the amendment in the later act specifically authorizing a partial charge-off of a debt recoverable only in part amounts to nothing more than a clarification of the earlier act,

and may not be regarded as inconsistent with the interpretation placed upon that act in the Sherman & Bryan Case. .

■ The question whether the taxpayer in a given case has established a proper basis for the deduction from gross income of losses or bad debts is primarily for the determination of the Commissioner of Internal Revenue. In the instant case, no question has been raised as to the good faith of the taxpayer, and, under the interpretation we have placed upon the law, and on the showing made by him, he was clearly entitled to the deduction claimed. As observed in United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 403, 47 S. Ct. 598, 600, 71 L. Ed. 1120, "The taxing act does not require the taxpayer to be an incorrigible optimist." In other words, he is required only to exercise good faith and to establish as a basis for his deduction facts upon which a prudent business man would act.

Decision reversed.

Reversed.