## COLLIN COUNTY NAT. BANK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5816.

Circuit Court of Appeals, Fifth Circuit.

March 31, 1931.

J. M. McMillin, of Dallas, Tex., and William R. Abernathy, of McKinney, Tex., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. P. Jackson and J. Louis Monarch, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel Bureau Internal Revenue, and J. S.

Franklin, Sp. Atty. Bureau Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which disallowed deductions claimed by the petitioning bank from its income tax return for the calendar year 1920. The facts are fully stated in the Board's opinion, 14 B. T. A. 1256, and need not be repeated here at any length. The bank charged off as losses or bad debts two items, one of $30,000 on October 5, and the other of $56,000 at the end of the year, or in all $86,000 in round numbers. The bank complains in its assignments of error that it was not allowed a deduction of $65,000, made up of $54.000 advanced for the business expenses and $11,000 advanced for the living expenses of its customer Dowell. The Board held that these advances for business and living expenses were intended by Dowell and the bank to be secured by the cotton which was held as collateral. And the evidence amply sustains this finding of fact. There was but a single account kept which was charged with all checks drawn by Dowell, and credited with any profits from sales of cotton. The amounts charged off by the bank in October and December were lump sums which in the aggregate were in excess of the so-called unsecured items.

We accept these findings of fact by the Board as being correct, and as showing that it was the intention of Dowell and the bank that all advances should be made on the faith of the security held by the bank. Their intention governs, since the rights of third parties are not involved. Armstrong v. Chemical National Bank (C. C.) 41 F. 234; Knight v. Seney, 211 Ill. App. 324; 3 R. C. L. 517. We have then only one account for the payment of all of which the bank held collateral security. Appellant claims the right to make a deduction from its income under section 234 (a) (4) and (5) of the Revenue Act of 1918, 40 Stat. 1077, 1078. That section provides:

"(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

"(5) Debts ascertained to be worthless and charged off within the taxable year."

The bank had on hand 1,300 bales of cotton which had not been sold during the taxable year. No loss could be sustained until a sale of the cotton was made, and so the amount in dispute cannot be treated as a loss. United States v. White Dental Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120; Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262. The debt was not worthless. It was secured by the cotton and was worth at least as much as the cotton was worth. The bank arbitrarily charged off $86,-000, and hence it is clear that it was attempting to claim credit as a deduction for more than Dowell's business and personal expenses. Therefore it would seem that no definite part of the debt had been ascertained to be worthless. The Revenue Act of 1918, unlike later revenue acts, does not in terms authorize the deduction as worthless of a part of a debt, and it has been held that no deduction is permissible under it unless the whole debt has been ascertained to be worthless. Minnchaha National Bank v. Commissioner (C. C. A.) 28 F.(2d) 763. We think that decision finds some support in United States v. White Dental Co., and Lewellyn v. Electric Reduction Co., supra. The bank relies on Sherman & Bryan v. Blair (C. C. A.) 35 F.(2d) 713, and Davidson Grocery Co. v. Lucas, 37 F.(2d) 806, 59 App. D. C. 176, as decisions holding the contrary view; but the first of these two cases left the point undecided, though it is relied on as authority in the second case. Under the evidence in the instant case each and every part of the debt was equally secured by 1,300 bales of cotton of considerable value; and so it was not ascertained, and could not have been, that any particular part of the debt was worthless.

The petition is denied.