## MURCHISON NAT. BANK v. GRISSOM, Collector of Internal Revenue.

### No. 3130.

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

James Craig Peacock, of Washington, D. C. (John W. Townsend, of Washington, D. C., on the brief), for appellant.

Lester L. Gibson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Walter H. Fisher, U. S. Atty., of Clinton, N. C., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

NORTHCOTT, Circuit Judge.

The appellant is a national bank organized under the laws of the United States, having its principal office at Wilmington, N. C. During the year 1920, N. P. Sloan & Company, engaged in the cotton business, failed. The company was indebted to appellant at the close of that year in the sum of $91,492.92 on account of loans made to it, against which the bank held as security, cotton in storage, having an estimated value, based upon market quotations, of $30,000. The bank charged off as a bad debt at the end of 1920, $61,492.92, the amount of the loan in excess of the estimated value of the security. The cotton was sold in 1921. It proved to be of a lower grade and poorer quality than was supposed, and brought $12,172.16 less than its estimated value. Appellant charged off the $12,172.16 as a loss in 1921. At the time N. P. Sloan & Company failed, its assets were of little or no value, and the bank has never recovered from it on its debt anything except the amount received from the sale of the cotton held as security for the loan. No receiver was ever appointed. The bank deducted said $61,492.92 as a bad debt in its income and profits tax return for 1920. The Commissioner of Internal Revenue disallowed the deduction and assessed against the taxpayer additional income and profits taxes for 1920 in the amount of $17,567.78, of which additional taxes $17,218.02 is attributable to the disallowance of said deduction of $61,492.92. This amount was paid by appellant on May 18, 1925. On April 24, 1929, the taxpayer filed claim for refund for $17,567.78, alleging in the claim the facts and reasons set forth in its complaint. The claim was disallowed by the Commissioner of Internal Revenue on August 16, 1929.

In September, 1929, the taxpayer filed its complaint in the District Court of the United States for the Eastern District of North Carolina against the appellee as Collector of Internal Revenue, seeking to recover the said sum of $17,567.78. The action was submitted to the court below upon an agreed statement of facts, a jury being waived. The

court gave judgment for the defendant, from which action this appeal was brought.

The pertinent provisions of the Revenue Act of 1918 are (40 Stat. 1077):

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

"(5) Debts ascertained to be worthless and charged off within the taxable year."

The sole question here is whether, under the act, so much of a debt as is admittedly worthless may be deducted by the taxpayer, and this question has been passed upon directly by the Circuit Court of Appeals for the Second Circuit in Sherman & Bryan, Inc., v. Blair, 35 F.(2d) 713, 716; by the Court of Appeals of the District of Columbia in Davidson Grocery Co. v. Lucas, 59 App. D. C. 176, 37 F.(2d) 806, 808, and by the Court of Claims in Southern California Box Co. v. United States, 46 F.(2d) 724, 726, decided February 9, 1931. All three of these courts reached the conclusion that the deduction should be allowed.

In Darling v. Commissioner of Internal Revenue, 49 F.(2d) 111, decided April 13, 1931, this court, while there dealing with a somewhat different set of circumstances, held practically to the same effect, and in the latter cases, counsel for the government, as we see it, took a position not in accord with the position taken here by it.

We agree with the reasoning and the conclusion of the Circuit Court of Appeals of the Second Circuit in the Sherman & Bryan Case, supra. There the court said:

"This brings us to the second question, the refusal to permit so much as is admittedly worthless to be deducted. The government contends that section 234 (a) (5) does not permit the partial charge-off of a debt not wholly worthless. See Minnehaha National Bank v. Commissioner, 28 F.(2d) 763 (C. C. A. 8); Selden v. Heiner, 12 F.(2d) 474, 478 (D. C. W. D. Pa.). Further support for the argument is sought in the fact that in the Revenue Act of 1921 (42 Stat. 255, § 234 (a) (5), Congress expressly gave permission for a partial charge-off of a debt recoverable only in part. But such subsequent legislation is not conclusive that the construction claimed for the earlier act must be accepted. See Russell v. United States, 278 U. S. 181, 188, 49 S. Ct. 121, 73 L. Ed. 255. 'Debts ascertained to be worthless' might, it would seem, reasonably be construed to mean 'indebtedness ascertained to be worthless,' and to permit a charge-off of such part of a claim as was proven to be uncollectible by so definite an event as seizure of the debtor's property by a receiver. We do not, however, find it necessary to decide this point, because, if clause (5) does not permit the deduction, we think it may be made under clause (4). The taxpayer relies upon both clauses. * * *

"Upon the facts proved, the issue of law became the deductibility of so much of the debt as was proved worthless. If an amendment of the pleadings had been thought necessary, it would undoubtedly have been permitted. Without any amendment the board considered the issue of law presented by the facts proven, for its opinion states: 'An ascertainment that a debt is worthless only in part does not meet the requirements of the statute.' The correctness of that ruling is raised by this appeal, and the court not only may, but must, consider all pertinent provisions of the statute.

"The government urges that clauses (4) and (5) are mutually exclusive, so that, since clause (5) covers losses arising from worthless debts, clause (4) must cover only losses otherwise arising. But, since the argument assumes that clause (5) does not permit the charge-off of a debt partially bad, there would seem to be no inconsistency in allowing the partial loss as a deduction under clause (4), even if the two clauses be deemed mutually exclusive. However, it does not appear to have been authoritatively determined that they are mutually exclusive.

"In Lewellyn v. Electric Reduction Co., 275 U. S. 243, 246, 48 S. Ct. 63, 64, 72 L. Ed. 262, Mr. Justice Stone said: 'We assume without deciding, as was assumed by both courts below, that subsection (4) and subsection (5) are mutually exclusive, so that a loss deductible under one may not be deducted under the other.' There the taxpayer had prepaid a seller for merchandise which was never delivered, the seller proving to be irresponsible. It was held that the buyer's contract rights were not a 'debt,' and that the loss suffered by reason of their being worthless was deductible under clause (4), but that the loss was not sustained in the year when the prepayment was made, but in a later year, when events proved the buyer's rights worthless."

In the Davidson Grocery Co. Case, supra, the court said:

"We are impressed with the reasoning and conclusions of the court in the Sherman & Bryan Case. Where losses 'are fixed by identifiable events, such as the sale of property * * * or caused by its destruction or physical injury * * * or, in the case of debts, by the occurrence of such events as prevent their collection' (United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 600, 71 L. Ed. 1120), there is no apparent reason either in fact or in law why a deduction from gross income should not be made in the year in which such losses are fixed. As observed by the court in the Sherman & Bryan Case, if it subsequently develops that the taxpayer has overestimated his loss, the amount or amounts received may be treated as income in the year in which they are received. In the instant case, the taxpayer in good faith fixed his aggregate loss by identifiable events at $11,000. It was in fact greater than that, and yet under the ruling appealed from appellant was compelled to include that amount as gross income for the year 1920, and the rate and amount of its income tax were affected accordingly. We are of the view that such a result was not contemplated by section 234 (a) of the Act of 1918 (40 Stat. 1077). In our view, the amendment in the later act specifically authorizing a partial charge-off of a debt recoverable only in part amounts to nothing more than a clarification of the earlier act, and may not be regarded as inconsistent with the interpretation placed upon that act in the Sherman & Bryan Case.

"The question whether the taxpayer in a given case has established a proper basis for the deduction from gross income of losses or bad debts is primarily for the determination of the Commissioner of Internal Revenue. In the instant case, no question has been raised as to the good faith of the taxpayer, and, under the interpretation we have placed upon the law, and on the showing made by him, he was clearly entitled to the deduction claimed. As observed in United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 403, 47 S. Ct. 598, 600, 71 L. Ed. 1120, 'The taxing act does not require the taxpayer to be an incorrigible optimist.' In other words, he is required only to exercise good faith and to establish as a basis for his deduction facts upon which a prudent business man would act."

In the Southern California Box Co. Case, supra, the court said:

"Under the circumstances it can be fairly said that plaintiff had ascertained this balance unpaid on the debt to be worthless and was justified in charging it off in the year 1920. It is immaterial for the purposes of the case whether this balance is treated as a bad debt or as a business loss. All bad debts are losses, although not always a business loss, nor are business losses always bad debts, but in this particular instance the balance owing from Hill to plaintiff was both a bad debt and a business loss."

In Avery v. Commissioner, 22 F.(2d) 6, 7, 55 A. L. R. 1277, Circuit Court of Appeals, Fifth Circuit, the court said:

"A man is presumed to know what a reasonable person ought to know from facts brought to his attention. A taxpayer should not be permitted to close his eyes to the obvious, and to carry accounts on his books as good when in fact they are worthless, and then deduct them in a year subsequent to the one in which he must be presumed to have ascertained their worthlessness. To do so would enable him to withhold deductions in his less prosperous years, when they would have little effect in reducing his taxes, and then to apply the accumulation at another time to the detriment of the fisc. This would defeat the intent and purpose of the law."

Here there is no question as to the good faith of the taxpayer, and the part of the debt that was worthless was definitely ascertainable by the market value of the cotton, and in fact the loss was afterward ascertained to be greater than that claimed at the time of the charging off of a part of the debt, by more than $12,000. Certainly in fairness and justice to the taxpayer, having in mind the rule as to the construction of statutes of this character, the taxpayer should be allowed to make the deduction. In Burnet, Commissioner of Internal Revenue, v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. ——, Mr. Justice Stone points out that the year is necessarily the unit for the purposes of taxation. This being true, the gain or loss of the taxpayer for a certain year when definitely ascertainable should be the basis upon which he is taxed.

Certainly no injustice can result from such a course. Should any unexpected recovery be made by taxpayer of any part of the amount charged off in good faith, such amount so recovered would have to be included by taxpayer in his return for the year in which the recovery is had.

We are also of the opinion that the principles laid down by the Supreme Court in United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed.

1120, support the position that the deduction should be allowed.

The more recent decisions of the Board of Tax Appeals seem also to support this position.

See Darling v. Commissioner, 19 B. T. A. 337, decided March 24, 1930; Appeal of Benjamin Colitz, 3 B. T. A. 947; Appeal of Mason Machine Works Co., 3 B. T. A. 745; Burguieres Co. v. Commissioner, 12 B. T. A. 879; Higginbotham-Bailey-Logan Co. v. Commissioner, 8 B. T. A. 566; American Warehouse Co. v. Commissioner, 19 B. T. A. 8.

In the recent case of Berrymont Land Company v. Davis Creek Land & Coal Co. et al. (W. Va. Supreme Court of Appeals, decided March 24, 1931) 158 S. E. 651, Judge Maxwell in an able opinion holds such a deduction to be allowable.

The counsel for appellee rely upon a number of cases, including Deeds v. Commissioner, 47 F.(2d) 695, decided by the Circuit Court of Appeals, Sixth Circuit, March 4, 1931; Henry v. Burnet, 60 App. D. C. 90, 48 F.(2d) 459, decided by the Circuit Court for the District of Columbia, March 2, 1931; United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120; Van Smith Building Material Co. v. Commissioner (C. C. A.) 44 F.(2d) 54, and Collin County National Bank v. Commissioner, 48 F.(2d) 207, 208, decided by the Circuit Court of Appeals for the Fifth Circuit, March 31, 1931; but an examination of these cases shows them, in our opinion, not to be controlling here. In the Collins County National Bank Case, for instance, the court in its opinion says that there· "it was not ascertained, and could not have been, that any particular part of the debt was worthless." In the instant case, it not only could have been ascertained but it was ascertained that a part of the debt was worthless, and that part was charged off on the books of the company. A number of the cases relied on turned on the point that the action of the commissioner when doubtful should be sustained, or that the making of the allowance lay within the discretion of the commissioner. Here there is no question that the action of the commissioner in refusing the deduction was clearly wrong.

For the reasons above stated, the judgment of·the court below is reversed, and the cause remanded for further proceedings in accord with this opinion.

Reversed.