**HENRY v. BURNET, Commissioner of Internal Revenue.**

No. 4801.

Court of Appeals of District of Columbia.

Argued Feb. 5, 1931.

Decided March 2, 1931.

Motion for Rehearing Denied March 21, 1931.

Camden R. McAtee, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen. and C. M. Charest, L. W. Scott, Sewall Key, Joe S. Franklin, and John G. Remey, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from an order of the Board of Tax Appeals involving the individual income tax return of appellant for the year 1919. The controversy relates to two deductions claimed by appellant: (1) Because of appellant's proportionate share of certain losses sustained in that year by a partnership in which appellant was a partner; and (2) because of the enforced payment by appellant of the proportionate share of such losses owing by his partner.

The issue is governed by the Revenue Act of 1918, 40 Stat. 1057, 1066, 1070, 1074, parts of which read as follows:

"Sec. 214. (a) That in computing net income there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business. * * *

"(7) Debts ascertained to be worthless and charged off within the taxable year."

"Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. * * *

"(d) The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212. * * *"

"Sec. 224. That every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. * * *"

It appears that the partnership in question was composed of appellant and one O. W. Muller, and conducted a stock brokerage business in the year 1919 in the city of New York. A branch of the firm located in Newark is not involved in this case. The New York firm prospered during the first three months of 1919, but immediately afterwards it sustained severe reverses, and by November 14 of that year it was compelled to discontinue business. Appellant was the financial backer of the firm, and, when it suspended, he was obliged to meet, not only his own proportion of the firm's obligations, but also those which should have been borne by the partner Muller.

In March, 1920, an information return for 1919 was filed by the partnership, as required by section 224, supra. The appellant filed his individual tax return for 1919 at the same time, and claimed a deduction therein of $35,950.25 because of his proportionate share of a partnership loss of $63,038.20 sustained in carrying four certain margined accounts for its customer George C. Smith. This item similarly appeared in the information return of the partnership. Appellant claimed that the loss represented a debt ascertained to be worthless and charged off within the taxable year 1919, and accordingly responded to the deduction provided for by section 214(a) (7), supra.

The Commissioner of Internal Revenue held that, in fact, the debt in question was not ascertained to be worthless nor charged off in the taxable year 1919, and accordingly disallowed the deduction. Appellant appealed that issue to the Board of Tax Appeals. While the appeal was pending, appellant by motion amended his petition by adding a claim of $9,222, as Muller's share of certain conceded bad debts lost by the firm, which should have been paid by him, but which appellant was compelled to pay for him.

The Board of Tax Appeals decided against appellant upon his claim, including the amendment, and an appeal to this court was then taken.

We agree with the finding and decision of the Board.

■ The record discloses that early in November, 1919, the Smith account showed a net aggregate debit balance greatly in excess of the value of the collateral securities held by the partnership therefor. These collaterals had been first deposited as security for three of the four accounts, but were considered by the parties and subsequently treated as security for all of them. On November 8 or 9, 1919, the firm notified Smith that he must put up additional margin or that his account

would be closed out. Smith promised that he would try to protect the account, but he failed to do so, and was prohibited from further trading after November 17, 1919. The debit balances of the accounts were ruled and brought down to January 1, 1920, and both interest and carrying charges were afterwards charged for that month. The collaterals securing the account, composed in part of Liberty bonds and in part of stocks, were closed out partly in February and partly in March, 1920, and on March 16 the final debit balances of the accounts were charged off, and the partnership was dissolved. The evidence concerning Smith's financial condition during November and December, 1919, is not clear. It was a period of panic in the stock markets, and such a situation would naturally be uncertain. We think that these facts fail to sustain appellant's claim that the Smith debt was ascertained to be worthless and was charged off in 1919. Seiberling v. Commissioner (C. C. A.) 38 F.(2d) 810; Stranahan v. Commissioner (C. C. A.) 42 F.(2d) 729.

It is contended by appellant that the action taken by the firm in November, 1919, forbidding further trading in the Smith account unless additional collateral was furnished, is proof that the debit balance then owing by Smith was ascertained to be worthless and was thereby charged off. The Board held otherwise, and we think correctly, for the firm's action was manifestly intended as a temporary measure and not as a final settlement of the account. Moreover, the amount of the actual net indebtedness of Smith to the firm was not ascertained until the collateral was sold and the proceeds applied thereon. The firm did not assume to own the collateral, crediting Smith with its market value, but sold it and credited the proceeds in the account.

It is our opinion also that the evidence fails to sustain appellant's claim for a deduction based upon his payment of Muller's share of certain conceded debts of the firm, which appellant was compelled to pay for him. The Board found that a debtor-creditor relation arose between appellant and Muller because of this payment, but there seems to be no reason to hold that this relation existed prior to the dissolution of the partnership in March, 1920. Therefore the debt in question was not in existence as such in the year 1919. Moreover, the Board found the evidence insufficient to establish that the debt, even if it existed in 1919, was worthless at that time, and we do not disagree with this conclusion.

The decision of the Board is affirmed.