Henry PROTZMANN et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 5581.

United States Court of Appeals
First Circuit.

April 8, 1960.

Bertram H. Loewenberg, Boston, Mass., with whom Walter Powers, Robert S. Jones and Sherburne, Powers & Needham, Boston, Mass., were on brief, for petitioners.

Rita E. Hauser, Atty., Department of Justice, with whom Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and I. Henry Kutz, Attys., Department of Justice, Washington, D. C., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition for review of a decision of the Tax Court of the United States, 1959 T. C. Memo. No. 105, which determined a deficiency in income tax against the petitioners.

The petitioners are Henry Protzmann (hereinafter referred to as petitioner) and the estate of Helga K. Protzmann, the deceased wife of Henry Protzmann. Henry and Helga Protzmann filed a joint return for the year 1948. Petitioner claimed a deduction of $38,370.51 as a "loss on brewing venture." The Commissioner disallowed the deduction, and determined a deficiency of $23,446.26. On petition to the Tax Court for redetermination, the Commissioner was sustained.

The parties stipulated most of the essential facts. The financial dealings as disclosed in the record were somewhat complicated. A summary of the pertinent transactions discloses: Petitioner in 1945 investigated the possibility of acquiring a brewery enterprise. He decided to acquire the brewery business carried on by Dover Brewing Company

of Hartford, Connecticut (hereinafter referred to as Dover). The stock in this corporation was owned by Edward Sullivan and Theresa Zazzaro (individually and as administratrix of the estate of Anthony Zazzaro). The stockholders (hereinafter referred to as Sullivan-Zazzaro) were associated in unincorporated enterprises known as Bellevue Associates and Dover Sales Company (hereinafter referred to as Dover Sales). As Bellevue Associates, Sullivan-Zazzaro owned bottling equipment and leased a building containing the equipment. As Dover Sales, Sullivan-Zazzaro leased a building from Dover, and had made some leasehold improvements in it.

Petitioner entered into negotiations with Sullivan-Zazzaro to acquire their interests in Dover and the related enterprises. On December 29, 1945 petitioner and Sullivan-Zazzaro entered into an agreement giving petitioner an option to purchase the Sullivan-Zazzaro interests. The agreement also provided that if a full audit disclosed liabilities decreasing the net worth of Dover by more than $10,000, the buyer could request the return of the deposit and payments made under the agreement, or acknowledgment of payment of notes given by the buyer sufficient to adjust the difference in book value. Petitioner paid to Sullivan-Zazzaro the total amount of $45,000. Petitioner received a bill of sale for the bottling equipment and an assignment of the lease, and he became president and director of Dover. In March 1946 certain liabilities not appearing on the December 1945 balance sheet were discovered by an independent audit. Petitioner began negotiations with Sullivan-Zazzaro for an adjustment in the total purchase price. These negotiations were abandoned by petitioner in May 1947, and he asserted his right of termination of the December 1945 agreement and requested the return of all payments made to Sullivan-Zazzaro.

During the period petitioner had run the enterprises, he had leased the bottling equipment and subleased the building to Dover. The rentals due under this arrangement had not been paid immediately to the petitioner in cash but had been credited to him on an open account on Dover's books. Dover had sold the building formerly leased by Dover Sales (which had ceased operations) and credited to petitioner's open account the amount due to him as successor of Dover Sales for the leasehold improvements included in the sale. In addition to these credits, petitioner had made cash advances to Dover and these also were credited to him on the open account. These advances and credits were made by petitioner to keep Dover operating, with the hope that his investment in the Dover stock would be profitable. At various times petitioner received cash from Dover in partial payment of the open account, but these payments were not earmarked as settling any of the particular items in the open account. The total of the amounts received by petitioner exceeded the money that had been advanced by him to Dover.

When petitioner elected to rescind the option contract and sought to recover the $45,000 paid by him, Sullivan-Zazzaro asserted that the amounts credited to petitioner on the open account for rent of the bottling equipment and for the sale of the leasehold improvements as well as other items must be set off against the $45,000. Petitioner asserted that he had never actually received payment for the items claimed as offsets, and that, therefore, they should not reduce recovery of the $45,000.

Shortly after petitioner had resigned his positions in Dover on electing to terminate the option contract, a receiver was appointed for Dover by the Superior Court, Hampden County, Connecticut. Petitioner filed a claim against the receiver based on the unpaid balance on the open account. The claim was disallowed by the receiver. The reason for the receiver's disallowance does not appear in the record.

The receiver wished to sell some of the equipment owned by Dover. To facilitate this plan it was necessary to obtain title to the bottling equipment and make

a "package sale". Petitioner asserted title to the bottling equipment, as also did Sullivan-Zazzaro.[1] Negotiations among the three parties were carried on and eventually a settlement agreement was reached. Petitioner conveyed his interest in the bottling equipment to the receiver and withdrew his claim against the receivership upon payment to him by the receiver of $3,000. Sullivan-Zazzaro transferred their interest in the bottling equipment to the receiver, and withdrew their claims against the receiver. Petitioner and Sullivan-Zazzaro also released each other from their conflicting claims as part of this settlement agreement. The agreement was approved by the Superior Court.

The sum not recovered by petitioner from the dealings recited above was stipulated to be $34,491.25. The Commissioner determined that such amount was only partially deductible under Internal Revenue Code of 1939, § 23(k) (4), 26 U.S.C.A. § 23(k) (4) as a non-business bad debt. Before the Tax Court, petitioner put in evidence of his previous employment by a brewing company, his formation and ownership of a company distributing various beverages, his employment on a fee basis as consultant in the reorganization of two liquor wholesale and rectification houses. Petitioner claimed that his business was that of an expert in reorganizing and rehabilitating liquor and brewery enterprises. The Tax Court found, however, that during 1948 petitioner's business had been that of an officer and controlling stockholder of a corporation conducting a brewery. The Tax Court found that the amount claimed as a deduction was a bad debt rather than a loss, that the case of Charles S. Guggenheimer, 1947, 8 T.C. 789 relied on by petitioner was distinguishable because "the amount of the debt never appears to have been questioned and no action by petitioner, such

as an action for an accounting, was necessary to establish it as a debt." The Tax Court then found that the bad debt was a non-business bad debt and only partially deductible.

 The Tax Court's rejection of the Charles S. Guggenheimer case, supra, is not supported by the record. The petitioner's claim against the receiver was disallowed by him. When a claim is disputed and a settlement is made, the amount not recovered is allowable as a loss. Charles S. Guggenheimer, supra; Russel Wheel & Foundry Co., 1926, 3 B.T.A. 1168; George C. Peterson Co., 1925, 1 B.T.A. 690. See 5 Mertens § 28.-38 (1956). The Tax Court's finding that the amount claimed was a bad debt was incorrect on the record before it.

The amount concededly not recovered by the petitioner was a loss, therefore, whether it be viewed as growing out of the advances and credits to Dover or out of a composite transaction involving the three parties. In our view of the transactions detailed above it is more accurate to say that the amount claimed was an unrecovered sum resulting from the settlement reached by the receiver, Sullivan-Zazzaro and petitioner. This settlement was the final outcome of the brewery enterprise transaction. On the record it is evident that the brewery transaction in all its aspects was entered into for profit. Therefore when petitioner, in good faith, concluded this transaction with a settlement leaving a portion of his money unrecovered, he became entitled to deduct such unrecovered sum as a loss incurred on a transaction entered into for profit. See Charles S. Guggenheimer, supra.

The record before us is insufficient to determine precisely how much was unrecovered from this entire transaction, but the parties agreed that $34,491.25 was unrecovered. On this record, therefore, petitioner is entitled to deduct $34,-

1. Petitioner asserted title under a clause of the option contract that provided: "In the event of default on the notes the sellers agree to repurchase this equip-

ment and property upon the payment of the sum of $15,000 if the same has not been sold and transferred to the Dover Brewing Co."

491.25 as a loss incurred on a transaction entered into for profit.

Judgment will be entered vacating the decision of the Tax Court and remanding to the Tax Court for entry of an order not inconsistent with this opinion.