John H. KUGEL and Adelaide Kugel, Plaintiffs-Appellants,

v.

Raymond F. RYAN, formerly Acting Collector of Internal Revenue for the Second Collection District of New York (now known as Lower Manhattan Office), and Denis J. McMahon, formerly Collector of Internal Revenue for the Second Collection District of New York, now District Director of Internal Revenue of said District (now known as Lower Manhattan Office), Defendants-Appellees.

No. 197, Docket 26148.

United States Court of Appeals Second Circuit.

Argued Feb. 16, 1961.

Decided April 13, 1961.

Martin A. Roeder, New York City (Guggenheimer & Untermyer, and Martin S. House, New York City, on the brief), for plaintiffs-appellants.

Renee J. Roberts, Asst. U. S. Atty., Southern Dist. of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Joseph M. Field, Asst. U. S. Atty., S.D.N.Y., New York City, on the brief), for defendants-appellees.

Before CLARK, HINCKS and SMITH, Circuit Judges.*

HINCKS, Circuit Judge.

For purposes of this appeal from the district court's order granting the government's motion for summary judgment, the facts may be stated as follows. Taxpayers were in partnership with one Sparks in a firm which dealt in government bonds. Although Sparks was to receive thirty per cent of the profits and sustain thirty per cent of the losses, all of the firm's capital was contributed by taxpayers. In 1946, the market declined and the firm sustained severe losses. The firm was dissolved later that year, and its assets were liquidated. Sparks'

---

* Chief Judge Lumbard heard argument in this case, but felt that he should disqualify himself because he signed the answer when he was United States Attor- ney. He was replaced by Judge Hincks, who considered the case on the briefs. Counsel were informed of this change by letter dated February 24, 1961.

share of the losses in the firm's final fiscal year, which had begun March 1, 1946, and ended with dissolution some time during calendar 1946, amounted to $27,951.54. Sparks refused to pay this, asserted that the losses were due to taxpayer-husband's mismanagement, and decamped. Taxpayers brought suit against Sparks for an accounting in December 1946, in the state courts of New Jersey, which was settled for $12,500 in 1951. The government, however, orally conceded in open court for the purposes of its motion for summary judgment that recovery against Sparks was not reasonably foreseeable in 1946.

Taxpayers claimed Sparks' share of the partnership's loss as a deduction from income for 1946. This was disallowed, and a deficiency tax was assessed and paid. They brought this action for a refund.

The district court held that the case was governed by section 23(k) of the Internal Revenue Code of 1939,[1] relating to bad debts, and not by section 23(e),[2] relating to losses incurred in connection with trade or business or other transactions entered into for profit, and granted the government's summary judgment motion on the ground that Sparks was not taxpayers' debtor in 1946. While it is by no means entirely clear from its opinion, the district court apparently held in the alternative that if the case was governed by 23(e), the loss was sustained in 1951, not 1946.

 Taxpayers' 1946 payment of Sparks' share of the partnership's loss was clearly not a worthless debt deductible under 23(k): the relationship between the parties in 1946 was not that of debtor and creditor. See Kyne v. United States, D.C.W.D.Ky., 2 A.F.T.R. 2d 5901; Charles S. Guggenheimer, 8 T.

C. 789; but see Ambrose D. Henry, 8 B. T.A. 1089, affirmed *sub. nom.* Henry v. Burnet, 60 App.D.C. 90, 48 F.2d 459. It does not follow from this, however, that the government was entitled to judgment on its motion. For no one questions that *the partnership* sustained a loss in 1946. The taxpayers, as partners, became liable in that year for the entire loss. Any loss they sustained thereby was a § 23(e) loss, and the only question here is in what year that part of the loss resulting from Sparks' failure to carry his share was "sustained," to use the statutory language. As to that share, the taxpayers had, in 1946, a claim of indemnification against Sparks. It follows, we hold, that this share of the partnership loss was not a loss deductible on their 1946 individual returns, unless, in the light of contemporary facts, they then had no reasonable prospect of recovery on their claim for indemnification. See Estate of Scofield v. Commissioner, 6 Cir., 266 F.2d 154; United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; Louisville Trust Co. v. Glenn, D.C., 33 F.Supp. 403, 407–408, affirmed 6 Cir., 124 F.2d 418. If, on the other hand, in 1946 their claim reasonably appeared collectible, the loss would not have been sustained in 1946, but in 1951, the year of settlement. See Protzmann v. Commissioner, 1 Cir., 276 F.2d 684, 686; Charles S. Guggenheimer, supra.

 We hold that the taxpayers are entitled to an opportunity to prove, if they can, that their claims against Sparks reasonably appeared uncollectible in the light of the facts existing in 1946 and thus to bring themselves within the ambit of the White Dental case, supra. This crucial fact constituted a genuine issue which must be tried; the case is not now ripe for summary judgment. True, the

---

1. Section 23(k) (1) of the 1939 Code, 53 Stat. 13, as amended by Title I, § 113 (a) of the Revenue Act of 1943, 58 Stat. 35, allowed the deduction of "Debts which become worthless within the taxable year."

2. Section 23(e), 53 Stat. 13, allowed the deduction "in the case of an individual,

[of] losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *"

judge in his opinion refers to a concession made by the government that any judgment against Sparks in 1946 would be uncollectible. There is nothing in the record, however, showing what this was; presumably it must have been an oral statement made with reference to the motion for summary judgment and doubtless having no more effect than an "assuming arguendo." Oral concessions are trouble breeders and should not be pressed for more than they clearly show, particularly against government officers who have only limited powers to estop the sovereign. The fact that taxpayers brought suit against Sparks in 1946 does not foreclose all possibility of uncollectibility, especially in view of their assertion that the suit was brought not in hope of recovery, but rather to scotch invidious stories then being spread abroad by Sparks. Reversed and remanded for trial.