RICHARD E. GARCIA AND JEANNE M. GARCIA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32237-88.      Filed June 5, 1991.

*Dan S. Maccabee,* for the petitioners.
*Sherri L. Munnerlyn,* for the respondent.

CLAPP, *Judge:* Respondent determined deficiencies in petitioners' Federal income taxes in the amounts of $8,186 and $56,344 for the tax years 1984 and 1985, respectively.

After concessions by the parties, the sole issue for decision is whether petitioners are entitled to deduct their distributive share of partnership loss on their 1985 Federal income tax return.

All section references are to the Internal Revenue Code for the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

We incorporate by reference the stipulation of facts and attached exhibits. Petitioners resided in Los Angeles, California, when they filed their petition. All references to petitioner in the singular will be to Richard Garcia.

In January 1985, petitioner entered into a partnership agreement as one of four general partners in Banana U.S.A. and made a capital contribution of $137,000 to the partnership. The other three general partners in Banana U.S.A. on January 31, 1985, were Daniel Caamano, Bruno Caamano, and Ramiro Lluis. The terms of the partnership agreement provided that each general partner was entitled to 25 percent of the partnership's profits and losses. In March 1985, petitioner sent a letter to Daniel Caamano in which petitioner demanded the return of his investment in Banana U.S.A., "Based on common principals [sic] of gross mismanagement." On January 21, 1986, petitioner filed a complaint against the other three partners and the partnership for rescission, damages, dissolution of partnership, and an accounting in the U.S. District Court for the Central District of California.

The partnership issued a Schedule K-1 to petitioner for tax year 1985 and allocated to him as a distributive share item an ordinary loss in the amount of $101,920. On petitioners' timely filed joint Federal income tax return for 1985, they claimed a $101,920 loss attributable to their 25-percent interest in the Banana U.S.A. partnership. Respondent has disallowed this loss pursuant to section 165, contending that petitioners have not sustained a loss in 1985 as a result of their investment in Banana U.S.A.

## OPINION

The issue for decision is whether petitioners are entitled to claim a "bottom line" partnership loss attributable to the Banana U.S.A. partnership in tax year 1985.

The fundamental concept of partnership taxation is that a partnership is not a separate taxpaying entity. Partnerships are not subject to and are not responsible for payment of Federal income tax. Sec. 701. Partnerships are entities for purposes of calculating and filing information returns, but

they are conduits through which the taxpaying obligation passes to the individual partners in accord with their distributive shares. See H. Rept. 1337, 83d Cong., 2d Sess. 65-66 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 89-90 (1954). Section 703(a) requires that partnership taxable income be separately computed, and section 6031(a) requires this income to be reported by the partnership on an information return. However, section 702(a) requires each partner to take into account his distributive share of partnership gain or loss in determining his income tax liability. Section 702(a), in conjunction with section 702(b), preserves the character of certain items of partnership income, gain, loss, deduction, or credit in the hands of partners. Under this statutory scheme, the tax characteristics of partnership activities are preserved and the tax incidence of such activities is passed through to the partners.

Section 703(a) provides that the taxable income of a partnership shall be computed in the same manner as in the case of an individual, with some exceptions. The exceptions require that the items described in section 702(a) be separately stated and that certain deductions be disallowed to the partnership. Such deductions include, among other things, charitable contributions under section 170 and personal exemptions under section 151. These deductions are disallowed at the partnership level because they are allowed directly to individual partners.

Section 702(a)(1) through (a)(7) requires that specific items of partnership gain, loss, deduction, and credit be segregated by the partnership and separately stated on the returns of the individual partners. Section 702(a)(8) includes all those remaining partnership items that are not separately stated and is referred to as partnership net or bottom line taxable income or loss. See sec. 1.704-1(b)(1)(vii), Income Tax Regs. In determining his personal income tax, a partner combines his distributive share of each separately stated partnership item with similar items realized by him from other sources and includes his distributive share of partnership net bottom line income or loss. Respondent's determination of a deficiency in petitioners' 1985 income tax

is based upon his disallowance of petitioners' distributive share bottom line partnership loss.

Section 165(a) deals comprehensively with the income tax treatment of losses. Section 165(a) provides that there shall be allowed as a deduction any loss sustained during a taxable year unless compensated for by insurance or otherwise. Section 165(c) provides that, in the case of an individual, the deductions under subsection (a) are limited to:

(1) losses incurred in a trade or business;

(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and

(3) except as provided in subsection (h), losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft.

To be allowable as a deduction under section 165(a), a loss must be evidenced by closed and completed transactions, fixed by identifiable events and, with exceptions not relevant in this case, actually sustained during the taxable year. Sec. 1.165-1(b), Income Tax Regs. Further, no loss will be allowed if in the year of the loss there exists a claim for reimbursement for which there is a reasonable prospect of recovery. Sec. 1.165-1(d), Income Tax Regs. The issue presented by respondent is whether section 165(a) limitations on losses apply to an individual partner's distributive share bottom line partnership loss.

The parties have stipulated that petitioner made a capital contribution to the Banana U.S.A. partnership in 1985 of $137,000 and that, pursuant to the terms of the partnership agreement, petitioner was entitled to 25 percent of all gain or loss incurred by the partnership. Respondent does not contest that petitioner entered Banana U.S.A. for profit, that the partnership actually incurred a loss in 1985, or that petitioners' share of that loss was $101,920 as shown on Schedule K-1. Respondent disallowed petitioners' distributive share partnership loss solely because of a lawsuit filed by petitioner in 1986, in which petitioner demanded rescission of the partnership agreement and return of his capital investment. Respondent asserts that, as a result of this

lawsuit, petitioners have not sustained a loss in 1985, pursuant to section 165.

Petitioners argue that the limitation on losses under section 165 is not applicable to their share of bottom line partnership loss. Section 165, they contend, provides limitations on losses relating to worthless securities, gambling, disasters, and other situations, but it does not have any reference to or impose limits on losses relating to a partner's distributive share of bottom line loss from a partnership's operations. They argue that this evidences a statutory intent to impose section 165 limitations at the partnership level and not at the partner level.

Petitioners also argue that the language of section 702(a) requires that a partner shall take into account his distributive share of the partnership's bottom line income or loss in determining his income tax liability. Petitioners cite *Beck Chemical Equipment Corp. v. Commissioner*, 27 T.C. 840 (1957), for the proposition that in computing net income, a partner shall include his distributive share of ordinary net income or ordinary net loss of the partnership, whether or not distribution is made to him. *Beck Chemical Equipment Corp. v. Commissioner, supra* at 854. Accordingly, petitioners assert that they are required to take into account their distributive share of partnership loss, $101,920, as was reported on Schedule K-1 by the Banana U.S.A. partnership.

Petitioners' final contention is that their claimed loss was generated by the partnership's operations, and it must not be confused with the loss of petitioner's capital investment. They agree that section 165 would apply to disallow any deduction claimed for loss of their initial $137,000 capital investment, at least during the period for which they had a reasonable prospect of recovery. In such instance, respondent would be correct in asserting that, at least during litigation, there was no loss which could be evidenced by closed and completed transactions. However, petitioners are not claiming a loss deduction for their capital investment in the Banana U.S.A. partnership. They are claiming a deduction for their distributive share bottom line partnership loss. Such loss was actually sustained during the partnership's operations from January through March 1985, and

the partnership was never compensated for this loss by insurance. Therefore, they argue, the partnership sustained a loss under section 165. As their basis in the partnership exceeded their distributive share of this loss, petitioners claim that they are entitled to a deduction for their distributive share of the loss.

We think that respondent is in error in applying section 165 to disallow petitioners' distributive share of partnership operating loss. The overall statutory scheme requires that the determination of whether section 165 is applicable to a partner's distributive share of bottom line partnership loss be made at the partnership level and not at the partner level. Under the statute, partnership activities are taxed to partners in the following manner: First, separately stated items of partnership income and expenses and bottom line partnership taxable income or loss are computed under section 702, and next, pursuant to section 704, each partner determines his distributive share of each separately stated item and of net partnership income or loss to determine his income tax. It is not until after the partnership's taxable income has been determined that the partners' distributive shares can be ascertained. Further, section 1.704-1(b)(1)(vii), Income Tax Regs., refers to a partner's allocation of "partnership net or 'bottom line' taxable income or loss," thus all netting of partnership income or loss is done at the partnership level. A partner's distributive share consists of partnership profits and losses already calculated with consideration of the tax law. Therefore, in asserting a disallowance for partnership loss under section 165, respondent's focus should have been on ascertaining whether the Banana U.S.A. partnership incurred a loss in 1985. Finally, we note that under section 704(d), a partner's distributive share of partnership loss is allowed only to the extent of his adjusted basis in the partnership at the end of the year in which the loss occurred. This section, which imposes limitations on a partner's distributive share of partnership loss, makes no reference to section 165.

Respondent cites *Kugel v. Ryan,* 289 F.2d 329 (2d Cir. 1961), in support of his position that section 165 should operate to disallow petitioners' distributive share partnership loss. In *Kugel,* the partnership sustained a loss and

was dissolved in 1946. Taxpayers, partners in the partnership, claimed a deduction for their partner's share of the loss on the basis that their partner refused to pay his share of the partnership loss. The Second Circuit held that the taxpayers had a claim for indemnification against their partner in 1946 and, therefore, could not deduct their partner's share of partnership loss in 1946 unless they had no reasonable prospect of recovery on such claim. This case is distinguishable from the case before us in that the issue before the Second Circuit was whether the taxpayers could deduct their partner's share of partnership loss, not whether the taxpayers could deduct their own allocable share of partnership loss.

We find that the bottom line loss incurred by the Banana U.S.A. partnership in 1985 is an ordinary loss under the provisions of section 165(a). Each general partner, by virtue of sections 702(a) and 704, has a distributive share of such loss to the extent of his adjusted basis in the partnership at the end of 1985. The fact that petitioner initiated a lawsuit against the partnership subsequent to 1985 for rescission of the partnership agreement and return of his original capital investment cannot serve to deny petitioners a deduction for such loss. Petitioners sustained a distributive share partnership loss in 1985.

*Decision will be entered under Rule 155.*